**MANDATORY FORM PLAN (Revised 01/22/2018)**

## UNITED STATES BANKRUPTCY COURT
### Southern District of Ohio, Columbus Division

| | |
|---|---|
| **In Re**<br>**Jones, James C. & Jones, Deanna A.**<br><br><br>Debtor(s) | ) <br>) Case No:<br>)<br>) Chapter 13<br>) Judge:<br>) |

## CHAPTER 13 PLAN

**1. NOTICES**

**The Debtor has filed a case under chapter 13 of the Bankruptcy Code. A notice of the case (Official Form 309I) will be sent separately.**

This is the Mandatory Form Chapter 13 Plan adopted in this District. Local Bankruptcy Rule ( "LBR") 3015-1. "Debtor" means either a single debtor or joint debtors as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure.

Unless otherwise checked below, the Debtor is eligible for a discharge under § 1328(f).
        **[ ]** Debtor ____ is **not eligible** for a discharge.
        **[ ]** Joint Debtor ____ is **not eligible** for a discharge.

**[X] Initial Plan.**
**[ ] Amended Plan.** The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on the Trustee, the United States trustee and all adversely affected parties. If the Amended Plan adversely affects any party, the Amended Plan shall be accompanied by the twenty-one (21) day notice. Rule 2002(a)(9). Any changes (additions or deletions) from the previously filed Plan or Amended must be clearly reflected in bold, italics, strike-through or otherwise in the Amended Plan filed with the Court. LBR 3015-2(a)(1).

If an item is not checked, the provision will be ineffective if set out later in the Plan.
**[ ] This Plan contains nonstandard provisions in Paragraph 13.**
**[X] The Debtor proposes to limit the amount of a secured claim based on the value of the collateral securing the claim. See Paragraph(s) 5.1.2 and 5.1.4.**
**[ ] The Debtor proposes to eliminate or avoid a security interest or lien. See Paragraph(s) 5.4.1, 5.4.2 and 5.4.3.**

**NOTICES TO CREDITORS: You should read this Plan carefully, including Paragraph 13 (Nonstandard Provisions), and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Except as otherwise specifically provided, upon confirmation, you will be bound by the terms of this Plan. Your claim may be reduced, modified, or eliminated. The Court may confirm this Plan if no timely objection to confirmation is filed.**

**2. PLAN PAYMENT AND LENGTH**

    **2.1 Plan Payment.** The Debtor shall pay to the Trustee the amount of $ **600.00** per month. [Enter step payments, if any.] The Debtor shall commence payments within thirty (30) days of the petition date.

    **2.1.1 Step Payments, if any:**

    **2.2 Unsecured Percentage.**

    **[X] Percentage Plan.** Subject to Paragraph 2.3, this Plan will not complete earlier than the payment of **2.00** % on each allowed nonpriority claim.

**MANDATORY FORM PLAN (Revised 01/22/2018)**

    **[ ] Pot Plan.** Subject to Paragraph 2.3, the total amount to be paid by the Debtor to the Trustee is $ ____. Assuming all claims are filed as scheduled or estimated by the Debtor, payment on each allowed nonpriority unsecured claim is estimated to be no less than ____ %. LBR 3015-1(c)(2).

    **2.3 Means Test Determination.**

    **[X] Below Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the plan must be a minimum of thirty-six (36) months but not to exceed sixty (60) months.

    **[ ] Above Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the plan must be sixty (60) months.

**3. PRE-CONFIRMATION LEASE PAYMENTS AND ADEQUATE PROTECTION PAYMENTS**

Pre-confirmation personal property lease payments governed by § 1326(a)(1)(B) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(a). Pre-confirmation adequate protection payments governed by § 1326(a)(1)(C) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(b). The lessor/secured creditor must file a proof of claim to receive payment. LBR 3070-1(a) and (b).

| Name of Lessor/Secured Creditor | Property Description | Monthly Payment Amount |
|---|---|---|
| Ally Financial | 2013 Chrysler Town and Country | $25.00 |
| Regional Acceptance Corp | 2017 Dodge Grand Caravan | $30.00 |

**4. SECURED CLAIMS: TREATMENT, TIMING AND SERVICE REQUIREMENTS**

4.1    Non-Governmental Unit Secured Claims. The Debtor may propose to limit the amount of a secured claim based on the value of the collateral securing the claim by the procedure proposed in Paragraphs 5.1.2 and 5.1.4. Further, the Debtor may propose to eliminate or avoid a security interest or lien by the procedure proposed in Paragraphs 5.4.1, 5.4.2 and 5.4.3. If the Debtor proposes to seek any of the above-stated relief by way of motion or claim objection, the motion or claim objection must be filed on or before the § 341 meeting of creditors or the confirmation hearing may be delayed. If a judicial lien or nonpossessory, nonpurchase-money security interest is discovered after confirmation of the Plan, a motion to avoid the judicial lien or security interest may be promptly filed after it is discovered.

4.2    Governmental Unit Secured Claims. A request to determine the amount of the secured claim of a governmental unit or to modify and eliminate the secured claim of a governmental unit may be made **only** by motion or claim objection. Rule 3012(c). Any motion or claim objection that includes a request to determine the amount of the secured claim of a governmental unit (including any such motion or claim objection that also includes a request to determine the amount of the secured claim of a non-governmental entity) may be filed **only** after the governmental unit files a proof of claim or after the time for filing one has expired. Rule 3012, advisory committee note (2017 Amendments).

4.3    Service Requirements. If the Debtor proposes to seek relief under Paragraphs 5.1.2, 5.1.4, 5.4.1, 5.4.2, or 5.4.3, the motion, Plan or claim objection, as applicable, must be served in the manner provided by Rule 7004 for service of a summons and complaint. Rule 3007(a)(2), Rule 3012(b), Rule 4003(d) and General Order 22-2.

4.4    Retention of Lien. The holder of any claim listed in Paragraphs 5.1.2, 5.1.4 and 5.4.1 will retain its lien on the property interest of the Debtor or the Debtor's estate until the earlier of --(a) payment of the underlying debt determined under nonbankruptcy law, (b) discharge of the underlying debt under 11 U.S.C. § 1328, or (c) completion of the Plan --at which time the lien will terminate and be released by the creditor

**5. PAYMENTS TO CREDITORS**

SUMMARY OF PAYMENTS BY CLASS

**MANDATORY FORM PLAN (Revised 01/22/2018)**

| Class | Definition | Payment/Distribution by Trustee |
|---|---|---|
| Class 1 | Claims with Designated Specific Monthly Payments | Paid first in the monthly payment amount designated in the Plan |
| Class 2 | Secured Claims with No Designated Specific Monthly Payments and Domestic Support Obligations (Arrearages) | Paid second and pro rata with other Class 2 claims. |
| Class 3 | Priority Claims | Paid third and pro rata with other Class 3 claims. |
| Class 4 | Nonpriority Unsecured Claims | Paid fourth and pro rata with other Class 4 claims. |
| Class 5 | Claims Paid by a Non-Filing Co-Debtor or Third Party | Not applicable |
| Class 6 | Claims Paid by the Debtor | Not applicable |

Except as provided in Paragraph 3, the Trustee shall begin making distributions upon confirmation. To the extent funds are available, the maximum number of Classes may receive distributions concurrently.
Notwithstanding the above, the Trustee is authorized within the Trustee's discretion to calculate the amount and timing of distributions as is administratively efficient.

### 5.1 CLASS 1 - CLAIMS WITH DESIGNATED SPECIFIC MONTHLY PAYMENTS

The following Class 1 claims shall be paid first in the monthly payment amount designated below. The plan payment is calculated in an amount that is sufficient for the Trustee to make a full monthly distribution on all Class 1 claims plus the statutory Trustee fee. If the Debtor makes a payment that is less than the full plan payment amount, the Trustee will make distributions on Class 1 claims in the order of priority set forth in the Bankruptcy Code.

#### 5.1.1 Maintenance of Regular Mortgage Payments

Regular mortgage payments shall be calculated for payment starting the month after the filing of the petition. Arrearages shall be paid as Class 2 claims.

**Trustee disburse.**

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount |
|---|---|---|---|
| **None** | | | |

**Debtor direct pay.** Unless otherwise ordered by the Court, regular monthly mortgage payments may only be paid directly by the Debtor if the mortgage is current as of the petition date. LBR 3015-1(e)(1).

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount |
|---|---|---|---|
| **None** | | | |

#### 5.1.2 Modified Mortgages and/or Liens Secured by Real Property ["Cramdown/Real Property"]

The following claims are subject to modification as (1) claims secured by real property that is not the Debtor's principal residence, (2) claims secured by other assets in addition to the Debtor's principal residence, or (3) claims for which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the Debtor's

**MANDATORY FORM PLAN (Revised 01/22/2018)**

principal residence is due before the date on which the final payment under the plan is due. 11 U.S.C. §§ 1322(b)(2), (c)(2). To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

| Name of Creditor / Procedure | Property Address | Value of Property | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|
| **None**<br><br>[ ] Motion<br>[ ] Plan<br>[ ] Claim Objection | | | | |

**5.1.3 Claims Secured by Personal Property for Which § 506 Valuation is Not Applicable ["910 Claims/Personal Property"]**

The following claims are secured by a purchase money security interest in either (1) a motor vehicle acquired for the Debtor's personal use within 910 days of the petition date or (2) personal property acquired within one year of the petition date. The proof of claim amount will control, subject to the claims objection process.

| Name of Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment Including Interest |
|---|---|---|---|---|---|
| **Regional Acceptance Corp** | **2017 Dodge** | 12/2/18 | $18,000.00 | 4.00% | 225.00 |

**5.1.4 Claims Secured by Personal Property for Which § 506 Determination is Applicable ["Cramdown/Personal Property"]**

The following claims are secured by personal property not described above in Paragraph 5.1.3. To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

| Name of Creditor / Procedure | Property Description | Purchase/ Transaction Date | Value of Property | Interest Rate | Minimum Monthly Payment Including Interest |
|---|---|---|---|---|---|
| **Ally Financial**<br><br>[ ] Motion<br>[ X ] Plan<br>[ ] Claim Objection | **2013 Chrysler Town and Country** | 3/5/16 | 4,000.00 | 4.00% | 100.00 |
| [ ] Motion<br>[ ] Plan<br>[ ] Claim Objection | | | | | |

**5.1.5 Domestic Support Obligations (On-Going) - Priority Claims under § 507(a)(1)**

If neither box is checked, then presumed to be none.
[ ] **Trustee disburse**

**MANDATORY FORM PLAN (Revised 01/22/2018)**

[  ] **Debtor direct pay**

The name of any holder of any domestic support obligation as defined in § 101(14A) shall be listed below. If the Debtor becomes subject to a domestic support obligation during the Plan term, the Debtor shall notify his or her attorney and the Trustee.

| Name of Holder | State Child Support Enforcement Agency, if any | Monthly Payment Amount |
|---|---|---|
| **None** | | |

**5.1.6 Executory Contracts and/or Unexpired Leases**

**The Debtor rejects** the following executory contracts and/or unexpired leases.

> **Notice to Creditor of Deadline to File Claim for Rejection Damages:**
> A proof of claim for rejection damages must be filed by the creditor within seventy (70) days from the date of confirmation of the Plan. Rule 3002(c)(4). Such claim shall be treated as a Class 4 nonpriority unsecured claim.

| Name of Creditor | Property Description |
|---|---|
| **None** | |

**The Debtor assumes** the following executory contracts and unexpired leases. Unless otherwise ordered by the Court, all motor vehicle lease payments shall be made by the Trustee. LBR 3015-1(d)(2). Any prepetition arrearage shall be cured in monthly payments prior to the expiration of the executory contract or unexpired lease. The Debtor may not incur debt to exercise an option to purchase without obtaining Trustee or Court approval. LBR 4001-3.

**Trustee disburse.**

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/ Lease Payment | Estimated Arrearage as of Petition Date | Contract/ Lease Termination Date |
|---|---|---|---|---|---|
| **None** | | | | | |

**Debtor direct pay.**

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/ Lease Payment | Estimated Arrearage as of Petition Date | Contract/ Lease Termination Date |
|---|---|---|---|---|---|
| **None** | | | | | |

**5.1.7 Administrative Claims**

The following claims are administrative claims. Unless otherwise ordered by the Court, requests for additional attorney fees beyond those set forth below will be paid after the attorney fees set forth below and in the same monthly amount as set forth

**MANDATORY FORM PLAN (Revised 01/22/2018)**

below. LBR 2016-1(b).

| Name of Claimant | Total Claim | Amount to be Disbursed by Trustee | Minimum Monthly Payment Amount |
|---|---|---|---|
| **E. Darren McNeal** | **3,700.00** | **3,700.00** | **100.00** |

**5.2 CLASS 2 - SECURED CLAIMS WITH NO DESIGNATED MONTHLY PAYMENTS AND DOMESTIC SUPPORT OBLIGATIONS (ARREARAGES)**

**5.2.1 Secured Claims with No Designated Monthly Payments**

The following claims are secured claims with no designated monthly payments, including mortgage arrearages, certificates of judgment and tax liens. The proof of claim amount shall control, subject to the claims objection process. Class 2 claims shall be paid second and shall be paid pro rata with other Class 2 claims.

| Name of Creditor | Estimated Amount of Claim |
|---|---|
| **None** | |

**5.2.2 Domestic Support Obligations (Arrearages) - Priority Claims under § 507(a)(1)**

[ ] **Trustee disburse**
[ ] **Debtor direct pay**

The name of any holder of any domestic support obligation arrearage claim or claim assigned to or owed to a governmental unit and the estimated arrearage amount shall be listed below.

| Name of Holder | State Child Support Enforcement Agency, if any | Estimated Arrearage |
|---|---|---|
| **None** | | |

**5.3 CLASS 3 - PRIORITY CLAIMS**

Unless otherwise provided for in § 1322(a), or the holder agrees to a different treatment, all priority claims under § 507(a) shall be paid in full in deferred cash payments. § 1322(a). Class 3 claims shall be paid third and shall be paid pro rata with other Class 3 claims.

**5.4 CLASS 4 - NONPRIORITY UNSECURED CLAIMS**

Allowed nonpriority unsecured claims shall be paid a dividend as provided in Paragraph 2.2. Class 4 claims shall be paid fourth and shall be paid pro rata with other nonpriority Class 4 claims.

**5.4.1 Wholly Unsecured Mortgages/Liens**

The following mortgages/liens are wholly unsecured and may be modified and eliminated. See *In re Lane*, 280 F.3d 663 (6th Cir. 2002). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| Name of Creditor / Procedure | Property Address |
|---|---|

**MANDATORY FORM PLAN (Revised 01/22/2018)**

| | | | |
|---|---|---|---|
| 1 | **None**<br><br>[ ] Motion<br>[ ] Plan | | |
| | Value of Property | SENIOR Mortgages/Liens (Amount/Lienholder) | Amount of Wholly Unsecured Mortgage/Lien |
| 1 | **None** | | |

### 5.4.2 Judicial Liens Impairing an Exemption in Real Property

The following judicial liens impair the Debtor's exemption in real property and may be avoided under § 522(f)(1)(A). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| | Name of Creditor / Procedure | Property Address | Value of Property | Exemption |
|---|---|---|---|---|
| 1 | **None**<br><br>[ ] Motion<br>[ ] Plan | | Debtor's Interest | Statutory Basis |
| | OTHER Liens or Morgages (Amount/Lienholder Name) | | Judicial Lien | Amount of Judicial Lien to be Avoided |
| 1 | | **None** | Recorded Date: | Effective Upon: |

### 5.4.3 Nonpossessory, Nonpurchase-Money Security Interest in Exempt Property

The following nonpossessory, nonpurchase-money security interests impair the Debtor's exemption in personal property and may be avoided under § 522(f)(1)(B). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| Name of Creditor / Procedure | Property Description | Value of Property | Exemption | Amount of Judicial Lien to be Avoided |
|---|---|---|---|---|
| **None**<br><br>[ ] Motion<br>[ ] Plan | | | Statutory Basis | Effective Upon: |

### 5.4.4 Mortgages to be Avoided Under 11 U.S.C. § 544

The following debts secured by a mortgage will be paid as unsecured claims concurrent with other Class 4 claims. The Debtor or the Trustee shall file an adversary proceeding to determine whether the mortgage may be avoided. To the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor, provided a colorable claim exists that would benefit the estate.

| Name of Creditor | Action to be Filed By | Address of Property |
|---|---|---|
| | | |

**MANDATORY FORM PLAN (Revised 01/22/2018)**

| | | |
|---|---|---|
| **NONE** | [ ] Debtor<br>[ ] Trustee | |

### 5.5 CLASS 5 - CLAIMS PAID BY A NON-FILING CO-DEBTOR OR THIRD PARTY

The following claims shall <u>not</u> be paid by the Trustee or the Debtor but shall be paid by a non-filing co-debtor or third party.

| Name of Creditor | Name of Payor |
|---|---|
| **None** | |

### 5.6 CLASS 6 - CLAIMS PAID DIRECTLY BY THE DEBTOR

The following claims shall <u>not</u> be paid by the Trustee but shall be paid directly by the Debtor.

| Name of Creditor | Monthly Payment Amount |
|---|---|
| **None** | |

## 6. SURRENDER OF PROPERTY

The Debtor elects to surrender to the creditor the following property that is collateral for the creditor's claim. Upon confirmation of the Plan, the stay under § 362(a) and, if applicable, § 1301(a) shall be terminated as to the surrendered property only. Rule 3015(g)(2).

| Name of Creditor | Description of Property |
|---|---|
| **Huntington Mtg Co.** | **35242 Knox Rd, Radcliff, OH 45695-8944** |

## 7. INTEREST RATE

Unless otherwise stipulated by the parties, ordered by the Court or provided for in this Plan and except for claims treated in paragraph 5.1.1, secured claims shall be paid interest at the annual percentage rate of **4.00** % based upon a declining monthly balance on the amount of the allowed secured claim. Interest is included in the monthly payment amount. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

    **[ ] This is a solvent estate.** Unless otherwise provided, all nonpriority unsecured claims shall be paid in full with interest at ____ % from the date of confirmation. If this box is not checked, the estate is presumed to be insolvent.

## 8. FEDERAL INCOME TAX RETURNS AND REFUNDS

### 8.1 Federal Income Tax Returns

If requested by the Trustee, the Debtor shall provide the Trustee with a copy of each federal income tax return filed during the Plan term by April 30 of each year.

### 8.2 Federal Income Tax Refunds

Notwithstanding single/joint tax filing status, the Debtor may annually retain the greater of (1) any earned income tax credit and additional child tax credit or (2) $3,000 of any federal income tax refund for maintenance and support pursuant to § 1325(b)(2) and shall turnover any balance in excess of such amount to the Trustee. Unless otherwise ordered by the Court, tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors. Any motion to retain a tax refund in excess of the amount set forth above shall be filed and served pursuant to LBR 9013-3(b).

## 9. OTHER DUTIES OF THE DEBTOR

**MANDATORY FORM PLAN (Revised 01/22/2018)**

**9.1 Change of Address, Employment, Marital Status, or Child or Spousal Support Payments**

The Debtor shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor's address, employment, marital status, or child or spousal support payments.

**9.2 Personal Injury, Workers Compensation, Buyout, Severance Package, Lottery Winning, Inheritance, or Any Other Amount**

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of money or property regarding personal injury, workers compensation, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor shall comply with all requirements for filing applications or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules. Unless otherwise ordered by the Court, these funds shall be distributed by the Trustee for the benefit of creditors.

**9.3 Social Security**

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of social security funds.

**10. INSURANCE**

**10.1 Insurance Information**

As of the petition date, the Debtor's real and/or personal property is insured as follows.

| Property Address/Description | Insurance Company | Policy Number | Full/Liability | Agent Name/Contact Information |
|---|---|---|---|---|
| 2017 Dodge | Geico | 654423 | Full | 1-800-207-7847 |
| 2013 Chrysler | Geico | 654423 | Full | 1-800-207-7847 |

**10.2 Casualty Loss Insurance Proceeds (Substitution of Collateral)**

If a motor vehicle is deemed to be a total loss while there is still an unpaid claim secured by the motor vehicle, the Debtor shall have the option to use the insurance proceeds to either (1) pay off the balance of the secured claim through the Trustee if the secured creditor is a named loss payee on the policy or (2) upon order of the Court, substitute the collateral by purchasing a replacement motor vehicle. If a replacement motor vehicle is purchased, the motor vehicle shall have a value of not less than the balance of the unpaid secured claim, the Debtor shall ensure that the lien of the creditor is transferred to the replacement motor vehicle, and the Trustee shall continue to pay the allowed secured claim. Unless otherwise ordered by the Court, if any insurance proceeds remain after paying the secured creditor's claim, these funds shall be distributed by the Trustee for the benefit of creditors.

**11. EFFECTIVE DATE OF THE PLAN**

The effective date of the Plan is the date on which the order confirming the Plan is entered.

**12. VESTING OF PROPERTY OF THE ESTATE**

Unless checked below, property of the estate does not vest in the Debtor until the discharge is entered. The Debtor shall remain responsible for the preservation and protection of all property of the estate.

[ ] Confirmation of the Plan vests all property of the estate in the Debtor in accordance with §§ 1327(b)
[ ] and (c) Other _____

**13. NONSTANDARD PROVISIONS**

The nonstandard provisions listed below are restricted to those items applicable to the particular circumstances of the Debtor. Nonstandard provisions shall not contain a restatement of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules

**MANDATORY FORM PLAN (Revised 01/22/2018)**

or the Mandatory Chapter 13 Form Plan. Any nonstandard provision placed elsewhere in this Plan is void and shall have no binding effect.

| Nonstandard Provisions |
|---|
|  |

By filing this Plan, the Debtor, if unrepresented by an attorney, or the Debtor's Attorney certifies that (1) the wording and order of provisions of this Plan are identical to those contained in the Mandatory Form Chapter 13 Plan adopted in this District and (2) this Plan contains no nonstandard provisions other than those set forth in Paragraph 13.

Debtor's Attorney

/s/                                                                                          9

_____

Date:

| Debtor | Joint Debtor |
|---|---|
| /s/ | /s/ |

Date:                                                                Date:

**MANDATORY FORM PLAN (Revised 01/22/2018)**

**NOTICE OF DEADLINE FOR OBJECTING TO PLAN CONFIRMATION**

Debtor has filed a Chapter 13 Plan or an Amended Chapter 13 Plan (collectively, the "Plan").

**Your rights may be affected.** You should read the Plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the Plan, you must file an object to the Plan **within the later of:** 1) fourteen (14) days after the § 341 meeting of creditors is concluded **OR** 2) twenty-one (21) days from the date set forth in the certificate of service of this Plan. If a timely objection to the Plan is filed within seven (7) days of the confirmation hearing date, the confirmation hearing will be rescheduled. Rule 3015(f).

Your objection to the Plan, explaining your position, must be filed with the Court and mailed by ordinary U.S. Mail to United States Bankruptcy Court.

OR your attorney must file the object using the Court's ECF System.

The Court must **receive** your objection on or before the applicable deadline above.

You must also send a copy of your objection either by 1) the Court's ECF System or by 2) ordinary U.S. Mail to:

James and Deanna Jones, 171 E. Water Street, Chillicothe, Ohio 45601, Debtors
E. Darren McNeal, Esq., 100 E. Main Street, Columbus, Ohio 43215, Attorney for Debtors
Faye English, Chapter 13 Trustee, 10 West Broad Street, Suite 90, Columbus, Ohio 43215
United States Trustee, 170 North High Street, Columbus, Ohio 43125

If you or your attorney does not take these steps, the Court may decide that you do not oppose the terms of the Plan and may enter an order confirming the Plan without further hearing or notice.

**Certificate of Service**

I hereby certify that a copy of the foregoing Plan was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the Court and (ii) **by ordinary U.S. Mail** on (month), (day), (year) addressed to:

James and Deanna Jones. Water Street, Chillicothe, Ohio 45601
ADS/Comenity/Victoria, PO Box 182789, Columbus, OH 43218-2789
AEP, PO Box 371496, Pittsburgh, PA 15250-7496
Ally Financial, PO Box 380901, Minneapolis, MN 55438-0901
Americollect, 1851 Alvemo Rd, Manitowoc, WI 54220
AT&T, PO Box 5014, Carol Stream, IL 60197-5014
Barclays, PO Box 2460, Cranberry Township, PA 16066-1460
Bonded Collections Services, 120 W Cherry St, North Baltimore, OH 45872-1119
Capital One, PO Box 30285, Salt Lake City, UT 84130-0285
Capital One Bank USA NA, PO Box 85015, Richmond, VA 23285-5015
Capital One Bank USA NA, PO Box 30281, Salt Lake City, UT 84130-0281
Cashland, 25 N Bridge St, Chillicothe, OH 45601-2615
CBCS, 250 E Broad St, Columbus, OH 43215-3708
Chase Card, 201 N Walnut St # DE1-1027, Wilmington, DE 19801-2920
Chase Card , PO Box 15369, Wilmington, DE 19850-5369
Citizens Bank, 188 W Main St, Logan, OH 43138-1606
Comentiy Bank, PO Box 182789, Columbus, OH 43218-2789
Comentiy Capital/Petland, PO Box 182120, Columbus, OH 43218-2120
Conrath Family Dental, 495 Richland Ave, Athens, OH 45701-3704
Direct TV, PO Box 5014, Carol Stream, IL 60197-5014

**MANDATORY FORM PLAN (Revised 01/22/2018)**

Discover Financial Services, PO Box 6103, Carol Stream, IL  60197-6103
SYNCB/SamsClub, 4125 Windward Plz, Alpharetta, GA  30005-8738
GE Capital Retail Bank, PO Box 965003, Orlando, FL  32896-5003
Holzer, 500 Burlington Rd, Jackson, OH  45640-9360
Hughes Restoration LLC, PO Box 1089, Jackson, OH  45640-7089
Huntington Mtg Co., PO Box 1558, Columbus, OH  43216-1558
Huntington MTG Group, PO Box 1558, Columbus, OH  43216-1558
Johnna Jorgenson, DDS, 995 Jackson Pike Ste 101, Gallipolis, OH  45631-2621
Kohl's/Capone, PO Box 3115, Milwaukee, WI  53201-3115
Kohls Department Store, PO Box 3115, Milwaukee, WI  53201-3115
Kohls/Capital One, PO Box 3115, Milwaukee, WI  53201-3115
Kroger Visa, PO Box 6352, Fargo, ND  58125-6352
Lincare, 975 Eastwind Dr Ste 170, Westerville, OH  43081-3398
Merrick Bank, PO Box 9201, Old Bethpage, NY  11804-9001
Merrick Bank Corp, PO Box 9201, Old Bethpage, NY  11804-9001
Midland Funding (4), 2365 Northside Dr Ste 300, San Diego, CA  92108-2709
Midland Funding LLC, 320 E Big Beaver Rd, Troy, MI  48083-1238
Midland Funding LLC, 320 E Big Beaver Rd, Troy, MI  48083-1238
Midland Funding LLC, 320 E Big Beaver Rd, Troy, MI  48083-1238
Midland Funding LLC, 320 E Big Beaver Rd, Troy, MI  48083-1238
One Main Financial, 6801 Colwell Blvd, Irving, TX  75039-3198
One Main Financial, 100 International Dr Fl 15, Baltimore, MD  21202-4784
One Main Financial, PO Box 1010, Evansville, IN  47706-1010
OneMain, PO Box 1010, Evansville, IN  47706-1010
PCB Collections, 7795 Walton Pkwy, New Albany, OH  43054-0001
Plaza Services, 110 Hammond Dr, Atlanta, GA  30328-4806
Portfolio Recovery, 120 Corporate Blvd Ste 100, Norfolk, VA  23502-4952
Portfolio Recovery Associates, 120 Corporate Blvd Ste 100, Norfolk, VA  23502-4952
Progresive Leasing, 256 W Data Dr, Draper, UT  84020-2315
Regional Acceptance Corp, PO Box 830913, Birmingham, AL  35283-0913
Regional Finance Corp, 1424 E Fire Tower Rd, Greenville, NC  27858-4105
Reimer Law Co., PO Box 39696, Solon, OH  44139-0696
Spinal Technology and Pain Center, 1750 Granville Pike, Lancaster, OH  43130-1041
SpringLeaf Financial Services, 1013 E State St, Athens, OH  45701-2122
Sunoco Citi Bank CBNA, PO Box 6497, Sioux Falls, SD  57117-6497
SYNCB/Amazon PLCC, PO Box 965015, Orlando, FL  32896
SYNCB/Care Credit, PO Box 965036, Orlando, FL  32896-5036
SYNCB/JC Penney, PO Box 965007, Orlando, FL  32896-5007
SYNCB/JC Pennys, 4125 Windward Plz, Alpharetta, GA  30005-8738
SYNCB/Lowe's, 4125 Windward Plz, Alpharetta, GA  30005-8738
SYNCB/Lowe's, PO Box 96500, Orlando, FL  32896-5005
SYNCB/PayPal Smartconn, 4125 Windward Plz, Alpharetta, GA  30005-8738
SYNCB/PayPal Smartconn, PO Box 965005, Orlando, FL  32896-5005
SYNCB/Wal-Mart, PO Box 965024, Orlando, FL  32896-5024
SYNCB/Walmart,4125 Windward Plz, Alpharetta, GA  30005-8738
Tempo, 1750 Elm St Ste 1200, Manchester, NH  03104-2907
Trident Asset Management, 5755 N Point Pkwy, Alpharetta, GA  30022-1142
US Bank RMS CC, PO Box 108, Saint Louis, MO  63166-0108
Vinton City, 112 W Main St, Mc Arthur, OH  45651-1214
Vinton County National Bank, 112 W Main St, Mc Arthur, OH  45651-1214

and (iii) by first class mail upon the following as required by Bankruptcy Rule 7004(b)(3):

CT Corporation System, 4400 Easton Commons Way, #125, Columbus, Ohio  43219, Agent for Creditor Ally Financial

**MANDATORY FORM PLAN (Revised 01/22/2018)**

                                                                   _/s/ E. Darren McNeal_____
                                                                      E. Darren McNeal